UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC W. SCHELL, )<br>　　　　Plaintiff, )<br>　　　　 )<br>v. )<br>　　　　 )<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF THE )<br>SOCIAL SECURITY )<br>ADMINISTRATION )<br>　　　　 )<br>　　　　Defendant. ) | Civil Action No. 10- |

## COMPLAINT

Plaintiff Eric W. Schell ("Mr. Schell"), by and through his undersigned counsel, hereby states as follows by and for his Complaint against defendant Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner" or "Defendant"). This is an action for judicial review of a final decision by the Commission regarding Mr. Schell's entitlement to Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 405(g). Mr. Schell alleges that the Commissioner's decision denying him SSDI and SSI benefits on the grounds that his substance abuse disorder is a contributing factor material to the determination of disability was in error.

### Parties and Jurisdiction

1.　　Mr. Schell is a resident of Dorchester, Massachusetts. The last four digits of Mr. Schell's Social Security Number are 2450.

2.　　Defendant is the Commissioner of Social Security, and as such, has full power and responsibility over disability benefits under the Social Security Act, as amended.

3.　　The Court's jurisdiction over Mr. Schell's Complaint is predicated on 42 U.S.C. §

405(g) as follows: (a) On September 23, 2009, an Administrative Law Judge ("ALJ") issued a hearing decision denying Mr. Schell's claim; (b) the Decision Review Board did not complete its review of Mr. Schell's claim within a ninety (90) day period and therefore the ALJ's decision became the final decision of the Commissioner pursuant to 20 C.F.R 405.420(a)(2); and (c) Mr. Schell filed this Complaint within sixty (60) days of receipt of the Decision Review Board's notice of action.  Mr. Schell has exhausted all administrative remedies in this matter.

       4.       Venue is appropriate in this Court because Mr. Schell resides within this District.

## Factual Allegations and Basis for Judicial Review

       5.       On May 14, 2007, Mr. Schell filed a Title II application for a Period of Disability and SSI.  Mr. Schell also filed a Title XVI application for SSDI benefits on May 14, 2007.  In both applications, Mr. Schell alleged that his disability began on June 16, 2006.

       6.       Mr. Schell suffers from an affective disorder, personality disorder, and substance addiction disorder.  On account of these disorders, Mr. Schell experiences, *inter alia*, an unstable mood, poor concentration, poor sleep, lack of energy, increased forgetfulness, low self-esteem and difficulty making decisions.  Moreover, Mr. Schell has a history of suicidal ideation and two suicide attempts for which he was hospitalized.

       7.       After his claims were denied at the initial review level, Mr. Schell filed a timely written request for hearing on September 22, 2008.

       8.       Prior to the hearing, Mr. Schell submitted a letter from Dr. Peggy L. Johnson, a psychiatrist at Boston Medical Center and an Assistant Professor of Psychiatry at Boston University School of Medicine, who had been treating Mr. Schell for approximately eighteen (18) months.  A copy of the letter is attached hereto as Exhibit A.  According to Dr. Johnson, Mr. Schell's "symptoms have resulted in significant functional difficulties, which in turn, have

resulted in an inability to perform normal daily functions." Dr. Johnson also opined as follows:

> Mr. Schell's medical history and condition are complicated by alcohol abuse, But his symptoms related to his affective and personality disorders have existed even during the time he has been sober. In my professional opinion, Mr. Schell's alcohol abuse is a by-product and attempted means of coping with his affective and personality disorders rather than a cause of them. Therefore, based on my review of his medical records and extended period of treatment, it is my professional opinion that Mr. Schell's symptoms would exist separate and apart from his alcohol issues and that his history of alcohol abuse is not a contributing factor that is material to his underlying condition.

9. Prior to the hearing, Mr. Schell also submitted a letter from Judith Bello, a licensed clinical social worker at the Behavioral Health Clinic at Boston Medical Center. A copy of the letter is attached hereto as Exhibit B. In her letter, Ms. Bello detailed the affect that Mr. Schell's disorders have had on his ability to function in a normal business or social environment, as well as his inability to maintain a job "or otherwise function normally due to his overall affect, inability to concentrate and impulsive behavior."

10. A hearing was conducted by an ALJ on August 14, 2009. Mr. Schell testified at the hearing regarding his disorders and the negative impact they have had on his ability to maintain employment or function normally in social or professional settings. Mr. Schell further testified that at times, after becoming anxious or depressed, he uses alcohol as a mechanism for coping with those symptoms. Dr. Amy Vercillo, Ph.D., a vocational expert, also testified that there was no work that Mr. Schell could perform. There were no other witnesses who testified at the hearing.

11. Despite the foregoing, uncontradicted evidence, on September 23, 2009, an ALJ found that Mr. Schell was not entitled to disability benefits, despite the conclusion that Mr. Schell is disabled. The ALJ issued a hearing decision that set forth, in pertinent part, the following findings:

3

    (a)    Mr. Schell meets the insured status requirements of the Social Security Act through at least the date of the hearing decision.

    (b)    Mr. Schell has not engaged in substantial gainful activity since June 16, 2006, or the alleged onset date for Mr. Schell's disability.

    (c)    Mr. Schell's bipolar disorder and substance abuse disorder are severe medically determinable impairments as defined by 20 C.F.R. 404.1520(c) and 416.920(c).

    (d)    Mr. Schell's impairments meet 20 C.F.R. 404.1520(d) and 416.920(d).

    (e)    If Mr. Schell stopped the substance abuse, the remaining limitations would cause more than a minimal impact on his ability to perform basic work activities; therefore, Mr. Schell would continue to have a severe impairment or combination of impairments.

    (f)    If Mr. Schell stopped the substance abuse, he would not have an impairment or combination of impairments that meets any of the impairments listed in 20 C.F.R. 404.1520(d) and 416.920(d).

    (g)    If Mr. Schell stopped the substance abuse, he would have the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant requires minimal contact with the general public, co-workers, and supervisors.

    (h)    If Mr. Schell stopped the substance abuse, he would be unable to perform past relevant work.

    (i)    If Mr. Schell stopped the substance abuse, there would be a significant number of jobs in the national economy that the claimant could perform.

    (j)    Because Mr. Schell would not be disabled if he stopped the substance use, his substance use disorder is a contributing factor material to the determination of disability. Therefore, Mr. Schell has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision.

12.     The ALJ erred by finding (a) that if Mr. Schell stopped the substance abuse, he would not have an impairment or combination of impairments that meets any of the impairments listed in 20 C.F.R. 404.1520(d) and 416.920(d); (b) that if Mr. Schell stopped the substance abuse, he would have the residual functional capacity to perform a full range of work at all

exertional levels, but with certain limited nonexertional limitations; (c) that if Mr. Schell stopped the substance abuse there would be a significant number of jobs in the national economy that he could perform; and (d) that Mr. Schell would not be disabled if he stopped the substance abuse and therefore his substance abuse disorder is a contributing factor material to the determination of disability.

13. The ALJ erred by substituting his own lay opinion for the medical opinion of Mr. Schell's treating psychiatrist on the issue of the interrelationship and interaction between Mr. Schell's mental and emotional condition and his use of alcohol. The ALJ's conclusions regarding Mr. Schell's substance abuse are not supported by the substantial evidence in the record and are contradicted by the undisputed evidence submitted by Mr. Schell.

WHEREFORE, the Commissioner's decision should be reversed and Plaintiff Eric W. Schell should be awarded SSI and SSDI disability benefits.

Dated:  February 25, 2010          ERIC W. SCHELL

                                   By his Attorneys,


                                   /s/ M. Machua Millett
                                   M. Machua Millett (BBO #648574)
                                   Edwards Angell Palmer & Dodge LLP
                                   111 Huntington Avenue
                                   Boston, MA 02199-7613
                                   (617) 239-0100
                                   (617) 227-4420 (Fax)
                                   mmillett@eapdlaw.com

                                   Raymond M. Ripple (BBO #650951)
                                   Edwards Angell Palmer & Dodge LLP
                                   2800 Financial Plaza
                                   Providence, RI  02903
                                   Tel: (401) 274-9200
                                   Fax: (401) 276-6611
                                   rripple@eapdlaw.com